**WO**   MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Bernard Thomas Baxter, | No. CV 09-1161-PHX-MHM (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph Arpiao, | |
| Defendant. | |

Plaintiff David Bernard Thomas Baxter, who is confined in the Maricopa County Lower Buckeye Jail, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1) and an Application to Proceed *In Forma Pauperis* (Doc. #3). The Court will dismiss the Complaint with leave to amend.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $8.02. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

. . . .

. . . .

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).

The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for failure to state a claim, with leave to amend because the Complaint may possibly be saved by amendment.

## III. Complaint

In his three-count Complaint, Plaintiff sues Defendant Maricopa County Sheriff Joseph Arpaio. In each count, Plaintiff alleges a violation of his Fifth, Eighth, and Fourteenth Amendment rights. His claims relate to his medical care (Count One), excessive force by an officer (Count Two), and overcrowding (Count Three). In his Request for Relief, Plaintiff seeks for Defendant to be held accountable, adequate medical care, all violations to be corrected and witnessed by federal monitors, cell maximums and cell seating, and monetary damages.

## IV. Failure to State a Claim

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377

1  (1976). To state a claim against a supervisory official, the civil rights complainant must
2  allege that the supervisory official personally participated in the constitutional deprivation
3  or that the supervisory official was aware of widespread abuses and, with deliberate
4  indifference to the inmate's constitutional rights, failed to take action to prevent further
5  misconduct. See Ortez v. Washington County, 88 F.3d 804, 809 (9th Cir. 1996); Taylor v.
6  List, 880 F.2d 1040, 1045 (9th Cir. 1989); King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987);
7  see also Monell v. New York City Department of Social Services, 436 U.S. 658, 691-92
8  (1978). There is no *respondeat superior* liability under § 1983, and therefore, a defendant's
9  position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights
10 does not impose liability. Monell, 436 U.S. at 691-92; Taylor, 880 F.2d at 1045.

11 Plaintiff does not allege any specific conduct by Defendant Arpaio. He does not
12 allege that Defendant Arpaio personally participated in a constitutional deprivation or that
13 he was aware of widespread abuses and, with deliberate indifference to Plaintiff's
14 constitutional rights, failed to take action to prevent further misconduct, or that he formed
15 policies that resulted in Plaintiff's injuries. Therefore, the Court will dismiss without
16 prejudice Defendant Arpaio. Because Defendant Arpaio is the sole defendant named in the
17 Complaint, the Court will also dismiss without prejudice the Complaint.

## V. Leave to Amend

19 For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state
20 a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a first
21 amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail
22 Plaintiff a court-approved form to use for filing a first amended complaint. If Plaintiff fails
23 to use the court-approved form, the Court may strike the amended complaint and dismiss this
24 action without further notice to Plaintiff.

25 Plaintiff must clearly designate on the face of the document that it is the "First
26 Amended Complaint." The first amended complaint must be retyped or rewritten in its
27 entirety on the court-approved form and may not incorporate any part of the original
28 Complaint by reference. Plaintiff may include only one claim per count.

A first amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint as nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint. King, 814 F.2d at 567.

## VI. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible "Strike"

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious,

1 or fails to state a claim upon which relief may be granted, unless the prisoner is under
2 imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### E. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #3) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $8.02.

(3) The Complaint (Doc. #1) is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(4) If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

(5) The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 26th day of June, 2009.

_____
Mary H. Murguia
United States District Judge