IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

David Bernard Thomas Baxter,  )   No. CV 09-1161-PHX-MHM (ECV)
                               )
    Plaintiff,              )   **ORDER**
                               )
vs.                            )
                               )
Joseph Arpiao, et al.,         )
                               )
    Defendants.             )
                               )

**I.   Background**

On June 2, 2009, Plaintiff David Bernard Thomas Baxter, who is confined in the Maricopa County Lower Buckeye Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. In a June 29, 2009 Order, the Court granted the Application to Proceed and dismissed the Complaint, without prejudice, because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

Plaintiff did not timely file an amended complaint. Therefore, on August 13, 2009, the Clerk of Court entered Judgment. However, also on August 13, 2009, the Clerk of Court lodged a First Amended Complaint (Doc. #7) that Plaintiff had signed on August 7, 2009 and jail officials had mailed to the Court on August 11, 2009. Because Plaintiff delivered his First Amended Complaint to jail officials no later than August 11th, the First Amended Complaint is deemed as having been filed before the Clerk of Court entered Judgment. See Douglas v. Noelle, 567 F.3d 1103, 1104 (9th Cir. 2009) ("[T]he mailbox rule of Houston v.

Lack, 487 U.S. 266 (1988) . . . , applies to a *pro se* prisoner's § 1983 complaint."). Therefore, the Court will vacate the August 13th Judgment, direct the Clerk of Court to file the lodged First Amended Complaint, and screen the First Amended Complaint pursuant to 28 U.S.C. § 1915A.

## II.      Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

. . . .

. . . .

JDDL

### III. First Amended Complaint

In his one-count First Amended Complaint, Plaintiff sues Defendants Maricopa County Sheriff Joseph Arpaio, the Maricopa County Sheriff's Department, and Members of the Sheriff's SRT Staff at the Lower Buckeye Jail.

Plaintiff alleges that he was subjected to excessive force in violation his Fifth, Eighth, and Fourteenth Amendment rights. He claims that the officers assigned to the third shift on November 12, 2008, came into Dorm M-1 in the Lower Buckeye Jail and directed the inmates to strip down to their boxers, go to the recreation yard, and sit facing away from the doors. Plaintiff contends that the inmates complied, but shortly thereafter, an officer screamed at the inmates and fired several rounds from a pepper spray gun at the inmates for no apparent reason. Plaintiff contends that other SRT officers fired 100 to 200 rounds from pepper ball guns at the inmates, threw five "CZ Gas Can[]isters" into the recreation room, and then locked the doors. Next, Plaintiff claims that the inmates were zip tied, put through cold showers, left to sit in a hallway for hours with blowers on them, and returned to their cells in their underwear. Plaintiff claims that he suffers chest pains from the pepper and hand pains from the zip tie.

In his Request for Relief, Plaintiff seeks monetary damages and declaratory and injunctive relief.

### IV. Improper Defendant

Defendant Maricopa County Sheriff's Department is not a proper defendant. In Arizona, the responsibility of operating jails and caring for prisoners is placed by law upon the sheriff. See Ariz. Rev. Stat. § 11-441(A)(5); Ariz. Rev. Stat. § 31-101. A sheriff's office is simply an administrative creation of the county sheriff to allow him to carry out his statutory duties and not a "person" amenable to suit pursuant to § 1983. Accordingly, the Maricopa County Sheriff's Department will be dismissed from this action.

### V. Failure to Link Defendant with Injuries

Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. Ivey v.

1 Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Id.

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). There is no *respondeat superior* liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. Monell v. New York City Department of Social Services, 436 U.S. 658, 691-92 (1978); Hamilton v. Endell, 981 F.2d 1062, 1067 (9th Cir. 1992); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 129 S. Ct. at 1948.

Plaintiff does not allege any specific conduct by Defendant Arpaio. He does not allege that Defendant Arpaio personally participated in a constitutional deprivation or that he was aware of widespread abuses and, with deliberate indifference to Plaintiff's constitutional rights, failed to take action to prevent further misconduct, or that he formed policies that resulted in Plaintiff's injuries. Therefore, the Court will dismiss without prejudice Defendant Arpaio.

**VI. Defendant Members of the Sheriff's SRT Staff at the Lower Buckeye Jail**

Liberally construed, Plaintiff has stated a claim of excessive force against Defendant Members of the Sheriff's SRT Staff at the Lower Buckeye Jail. Although Plaintiff has alleged his claim with enough specificity to require an answer from these individuals, the Court will not direct that service be made on Defendant Members of the Sheriff's SRT Staff at the Lower Buckeye Jail at this time. Generally, the use of anonymous type appellations to identify defendants is not favored. Rule 10(a) of the Federal Rules of Civil Procedure requires the plaintiff to include the names of the parties in the action. As a practical matter,

1 it is impossible in most instances for the United States Marshal or his designee to serve a
2 summons and complaint on an anonymous defendant.

3 Plaintiff has not explained why he has not supplied the names of Defendant Members
4 of the Sheriff's SRT Staff at the Lower Buckeye Jail. It is unclear why Plaintiff could not
5 identify them from incident reports or from Dorm M-1 shift logs for the third shift on the
6 relevant date. It is also unclear why Plaintiff has not been able to obtain their true names
7 since the incident.

8 However, the Court will not dismiss the First Amended Complaint at this time. See
9 Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (where identity of alleged
10 defendants is unknown prior to filing of complaint, plaintiff should be given an opportunity
11 through discovery to identify the unknown defendants, unless it is clear that discovery would
12 not uncover the identities or that the complaint would be dismissed on other grounds). The
13 Court will give Plaintiff 30 days to respond to this Order in a written pleading entitled
14 "Response." Plaintiff's Response must include either (1) the name of at least one member
15 of Defendant Members of the Sheriff's STR Staff at the Lower Buckeye Jail **or** (2) an
16 explanation of what Plaintiff has done to try to learn their names, a description of what
17 discovery he would undertake to learn their names, and the identity of at least one person
18 who could be served with discovery. If Plaintiff fails to timely file his Response, this case
19 will be dismissed without prejudice and without further notice.

20 **VII. Warnings**

21 **A. Release**

22 Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.
23 Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay
24 the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result
25 in dismissal of this action.

26 **B. Address Changes**

27 Plaintiff must file and serve a notice of a change of address in accordance with Rule
28 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other

1 relief with a notice of change of address. Failure to comply may result in dismissal of this
2 action.

### C. Copies

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) The Judgment (Doc. #6) is **vacated**.

(2) The Clerk of Court must file the lodged First Amended Complaint (Doc. #7).

(3) Defendants Arpaio and Maricopa County Sheriff's Department are **dismissed** without prejudice.

(4) Within **30 days** of the date of this Order, Plaintiff must file a **Response** to this Order that includes either (1) the name of at least one member of Defendant Members of the Sheriff's STR Staff at the Lower Buckeye Jail **or** (2) an explanation of what Plaintiff has done to try to learn their names, a description of what discovery he would undertake to learn their names, and the identity of at least one person who could be served with discovery.

. . . .
. . . .
. . . .
. . . .
. . . .
. . . .
. . . .

(5) If Plaintiff fails to file a Response within 30 days, the Clerk of Court must enter a judgment of dismissal of this action without prejudice and without further notice to Plaintiff.

DATED this 30th day of October, 2009.

_____
Mary H. Murguia
United States District Judge